HARRY A. SMITH AND DANIEL BERLINER, INC., RESPOND-
ENTS, v. THE T. V. T. CORPORATION ET AL., APPEL-
LANTS.

Submitted October 31, 1941—Decided January 9, 1942.

For the appellants, *Thomas L. Zimmerman, Jr.*

For the respondents, *David G. Smith.*

The opinion of the court was delivered by

PARKER, J. This is a broker's suit for commissions for negotiating a lease of real estate owned by defendants. The agreement for commissions is contained in a written paper, which may be described as a lease with a defeasance clause, and which will be considered more fully hereafter. The language of the agreement, so far as relevant to this appeal, is as follows:

"It is agreed by and between T. V. T. and Ter Oak that Harry Smith and Daniel Berliner, Inc., of Paterson, New Jersey, are the brokers who negotiated this lease and that they shall receive the commission for their services at and after the rate of 5% of the total rent, to wit: for ten years of said lease the sum of $3,600 payable as follows: $1,800 out of the mortgage monies to be secured by T. V. T. for the purpose of erecting said building as and when the same

is paid and the balance of $1,800 in one year from the date Packard enters into said premises as tenant. The last mentioned $1,800 shall be evidenced by T. V. T.'s promissory note to the said Harry A. Smith and Daniel Berliner, Inc., payable one year from the date of said entry into the premises."

The agreement is dated October 23d, 1937: the tenancy was to begin, if at all, on March 1st, 1938. In the meantime appellants, the lessors, were to erect a building according to plans and specifications and have it completed by March 1st, 1938, failing which, Packard might rescind the agreement. It was recited that in order to erect the building the appellant T. V. T. corporation must raise money, and use the lease in arranging for a loan: and clause 13, referring to a proposed mortgage, provided that such mortgage should contain a stipulation requiring the mortgagee in case of default in payments, to notify the lessee, which might make the required payment and deduct it from the rent. This clause, as will appear, seems to have given rise to the present litigation.

No mortgage loan was actually effected and this is a main feature of the defense. Clause 30 of the agreement provides as follows:

"30. Should T. V. T. be unable to secure the said mortgage loan necessary to erect said building, T. V. T. shall notify Packard on or before the 25th day of December, 1937, and in the event of such notification this agreement shall be null and void and no party shall be entitled to any claim whatsoever either in law or in equity against the other." The break came apparently because an insurance company, to whom T. V. T. applied for the loan, and which was willing to make the loan, objected to making it subject to an agreement to be embodied in the mortgage, that foreclosure because of default by the mortgagor must depend on and await the expiration of thirty days' notice by the mortgagee to "Packard," a corporation, the tenant named in the lease. The court, sitting without jury, found that "Packard" was willing to waive any such clause, and indeed offered to loan the money itself, and that plaintiff made a similar offer: but defendants refused to accept either. The explanation made for that refusal, and

a plausible one, as testified by the witness Smith, was that defendants repented of their bargain on finding that they could do better with another prospective tenant, to whom a lease was made later, and a mortgage for the same amount placed with the same insurance company.

We think the trial judge properly found that plaintiffs had done what they contracted to do, and were entitled to their pay. They procured a tenant on terms stipulated by the defendants. They procured a mortgage loan for the stipulated amount. While the terms of that loan did not meet the requirements of clause 13, yet not only did the prospective tenant, for whose benefit the thirty day notice was inserted, waive that requirement, but plaintiffs, as the court found and the evidence indicated, procured another lender willing to accede to clause 13, and offered themselves to finance the matter, and both offers were refused.

The paper calling itself a "lease," which was actually recorded, and which we consider is properly so called, contains no provision confining the mortgage to any particular mortgagee, and does not mention the insurance company at all. What is required is that T. V. T. secure a mortgage loan. That was offered by the plaintiffs from two different quarters, and declined by defendants (to use the language of the late Mr. Justice Minturn in *Rauchtwanger* v. *Katzin*, 82 *N. J. L.* 339, 341), "upon pretexts that could have for their purpose only the defeat of the claim in suit."

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.